UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JARVIS BOWIE | CIVIL ACTION |
| v. | NO. 16-3464 |
| CHERAMIE GLOBAL MARINE, L.L.C. | SECTION "F" |

ORDER AND REASONS

Before the Court are the parties' simultaneous submissions addressing whether this case, scheduled for a jury trial on July 30, 2018, should be tried by a jury. For the reasons that follow, this case will proceed to a jury trial by consent.

**Background**

This is a personal injury case in which a longshoreman alleges he was injured when the personnel basket in which he was being transported struck the side of the vessel due to it being lowered too far below the vessel's bulwarks.

Cheramie Global Marine, L.L.C. provided its vessel, the M/V MR DINO to work in Energy XXI's filed during 2015. The M/V MR DINO had a crew of two workers, Captain Brian Nelson and deckhand Russell LeBouef. Island Operating is a company that works as a

1

contractor at offshore platform and rigs and it provided two crane operators, Jarvis Bowie and Herman Johnson, to perform personnel basket transfers. Jarvis Bowie, now 40 years old, worked as a crane operator for several years with Island Operating. Captain Brian Nelson and deckhand Russel LeBouef worked together on the M/V MR DINO, and had conducted numerous personnel basket transfers with Bowie and Johnson operating the crane before August 29, 2015.

On August 29, 2015, as he had done on several occasions, Bowie, operating the crane, sent the personnel basket down to the M/V MR DINO to pick up Herman Johnson for a shift change. Bowie raised Johnson up to the West Delta 74-B platform without incident. Johnson then took over the crane and began Bowie's personnel basket transfer down to the M/V MR DINO. Johnson lowered the personnel basket over the water, on the starboard side of the vessel. Johnson then began moving the basket towards the vessel. Both Bowie (in the basket) and LeBouef (on the deck) saw that the basket was lower than the top of the MR DINO's bulwarks and both gave Johnson the "raise load" signal. But the personnel basket did not rise. LeBouef then gave Johnson the "all stop" signal. But Johnson did not stop swinging the basket.

What happened next is disputed.[1] Cheramie says that Bowie stepped off the personnel basket and onto the M/V MR DINO's bulwarks, then jumped down off the bulwarks. Bowie says that the basket hit the vessel and caused Bowie to fall to the deck of the vessel and injure his back.

On April 20, 2016, Bowie sued Cheramie Global Marine, L.L.C. under the general maritime law, seeking to recover for its negligence in failing to provide him a safe basket transfer. He seeks to recover for maritime negligence of the vessel as well as for unseaworthiness. Louisiana Workers' Compensation Corporation intervened for indemnification. Bowie demanded a jury trial. The parties and the Court have continued to designate this matter as a jury trial, which is scheduled to begin on July 30, 2018.

I.

Rule 38 of the Federal Rules of Civil Procedure preserves a party's Seventh Amendment or federal statutory right to a trial by jury. It also states, however, that "[t]hese rules do not create a right to a jury trial on issues in a claim that is an admiralty or maritime claim under Rule 9(h)." Fed R. Civ. P. 38(e). Rule 39 provides:

>   (a) **When a Demand Is Made.** When a jury trial has been demanded under Rule 38, the action must be designated on

---

[1] Apparently, there is video footage of the accident.

>the docket as a jury action. The trial on all issues so demanded must be by jury unless:
>  (1) the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record; or
>  (2) the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial.
>  ....

Even in cases in which there is no right to a jury, the Court may allow a trial by jury under limited circumstances:

>  (c) **Advisory Jury; Jury Trial by Consent.** In an action not triable of right by a jury, the court, on motion or on its own:
>  (1) may try any issue with an advisory jury; or
>  (2) may, with the parties' consent, try any issue by a jury whose verdict has the same effect as if a jury trial had been a matter of right, unless the action is against the United States and a federal statute provides for a nonjury trial.

II.

Jarvis Bowie is a longshoreman covered by the Longshore Harbor Workers' Compensation Act, and he is currently receiving LHWCA medical and indemnity benefits. Although Bowie initially demanded a jury trial in his complaint, there is no dispute that diversity jurisdiction is lacking, that this case arises under the Court's admiralty jurisdiction, and that general maritime law applies. Because the parties agree that this is a maritime case, they likewise agree that Bowie has no right to a trial by jury.

Even so, Bowie's initial jury demand, which was made on April 20, 2016, has never been stricken. Instead, this case has proceeded as if it would be tried to a jury since its inception. The initial scheduling order designated this matter as a jury case, the parties jointly submitted an initial proposed pretrial order on March 7, 2017 in which they represented that "[t]his is a jury case;" after the initial and second trial settings were continued to allow for Bowie's medical treatment, amended scheduling orders issued, both reflecting that this is a jury case.

Given that no federal right to a jury trial exists in this case, the only issue is whether the parties have consented to a jury sufficient to trigger Rule 39(c)(2) such that the Court may in its discretion allow this case to be tried by a jury. This case has been set on the jury calendar since Fall 2016. Because the defendant for the first time on July 10, 2018 informed the plaintiff and the Court of its intention to move to strike the jury demand, the Court finds that the defendant has heretofore implicitly consented to a jury trial.[2] The circumstances of this

---

[2] Express consent is not required. "If one party demands a jury, the other does not object, and the court orders a jury trial, this will be regarded as trial by consent." Alcatel USA, Inc. v. DGI Techs., Inc., 166 F.3d 772, 795 n.101 (5th Cir. 1999)(citing Bereda v. Pickering Creek Indus. Park, Inc., 865 F.2d 49, 52 (3d Cir. 1989)(citing C. Wright & A. Miller, 9 Federal Practice and Procedure § 2333 (1971); see Stockton v. Altman, 432 F.2d 946, 949-50 (5th Cir. 1970), cert. denied, 401 U.S. 994 (1971)).

case (the plaintiff demanded a jury, the defendant failed to object until less than three weeks before the scheduled trial, and the Court ordered a trial by jury) trigger Rule 39(c)(2); this case shall proceed to a jury by consent.[3]

New Orleans, Louisiana, July 19, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[3] According to the plaintiff, the defendant first became aware of Bowie's place of residence (and therefore had the requisite knowledge that diversity jurisdiction was lacking) back in November 2016. Had the defendant moved to strike the jury demand sooner, the circumstances indicating consent would be different. The Court also notes that the parties' trial materials must be filed not later than tomorrow, July 20, 2018.